# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

JOSE RAMON MONTELONGO-CASTREJON,

    *Defendant.*

Case No. 14-10010-03-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jose Ramon Montelongo-Castrejon's Motion to Suppress Defendant's Statement to Law Enforcement (Doc. 40). Defendant seeks to suppress all statements made by him to Wichita Police Department officers after his arrest. The Court held a hearing on March 25, 2014. For the reasons stated in more detail below, the Court grants in part and denies in part Defendant's motion.

### I.    Factual and Procedural Background

Defendant, along with two co-defendants, is charged in Count One of a multiple count Indictment, with knowingly and intentionally conspiring to possess with the intent to distribute, and to distribute a mixture and substance containing a detectable amount of methamphtetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The Indictment contains four additional

counts, but Defendant is not charged in any of them. The United States claims that the crime alleged in Count One of the Indictment occurred January 14, 2014.

On January 15, 2014, Defendant was arrested and taken to Wichita Police Headquarters. While Defendant was in custody, Detective Padron conducted a video-recorded interview in Spanish with him. Detective Padron began the interview by asking a series of questions regarding Defendant's personal history, such as his name, address, family relations, and employment. Detective Padron then asked Defendant if he knew how to read Spanish and if he understood Spanish, to which Defendant responded affirmatively, and whether he had drank alcohol or used drugs, to which Defendant responded negatively. Detective Padron then read Defendant his *Miranda* rights from a *Miranda* form written in Spanish that he placed in front of Defendant. After reading each right, Detective Padron asked Defendant if he understood, and Defendant indicated that he did. Defendant initialed and signed the *Miranda* form, as did Padron. Detective Padron then proceeded to interview Defendant. Towards the end of the interview, Defendant asked if he could get an attorney, and Detective Padron responded, "[t]hey'll get you a lawyer when you go to court," and continued to question Defendant. After the interview was over, law enforcement took Defendant to his home where five police officers searched it.[1] Defendant now brings this motion to suppress.

### III. Analysis

Defendant moves to suppress all statements made by him after his arrest on January 15, 2014. Defendant argues that although he agreed to speak to Detective Padron after being read his *Miranda* rights, his agreement was not voluntarily or knowingly given. A waiver of *Miranda*

---

[1] Defendant does not contest the search of his home by law enforcement.

rights must be done voluntarily, knowingly, and intelligently.[2]  "[W]aiver must be voluntary in the sense that it was the product of a free and deliberate choice, rather than intimidation, coercion or deception, and made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[3]  "Whether [defendant] understood his *Miranda* rights is a question of fact, which underlies the legal question of whether his waiver was knowing and intelligent."[4]

The Court held a hearing on Defendant's motion on March 25, 2014.  During the hearing, the Court viewed the portion of Detective Padron's video-recorded interview where Padron read Defendant his *Miranda* rights from the *Miranda* form.  Although the video was not translated into English, the Court found it very easy to follow the video with the English language transcript provided by the United States.

A review of both the video and transcript shows that Defendant's waiver was both voluntary and knowing.  Detective Padron did not coerce or intimidate Defendant into answering his questions.  Furthermore, Defendant appeared to be engaged when Detective Padron was reading the *Miranda* form and affirmatively answered Detective Padron's question of "do you understand?" or "you understand that?" after he read each right to Defendant.  Defendant also signified his understanding of his rights by initialing and signing the *Miranda* form.  The Court therefore finds that Defendant effectively waived his *Miranda* rights.

Defendant argues that his statements should be suppressed because he has a compliant personality such that he feels obligated to answer any question that law enforcement may ask

---

[2]  *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

[3]  *N. Carolina v. Butler*, 441 U.S. 369, 373 (1979).

[4]  *Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir. 2000) (citations omitted).

him.  A review of the entire interview transcript, however, reveals that this is not the case.  While Defendant remained respectful to Detective Padron throughout the interview, the transcript shows that, at times, he clearly disagreed with Detective Padron's questions.  Thus, the Court does not accept this argument as a basis to discredit Defendant's waiver of his *Miranda* rights.

Defendant also argues that his statements should be suppressed because, given his Mexican nationality and educational background, he did not fully understand the effect of his waiver and interrogation by law enforcement.  The Court disagrees.  "A waiver is knowing and intelligent . . . if it was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."[5]  However, the law does not require that the defendant understand all the consequences of his waiver.[6]  "He need only understand his right to remain silent or have his statements used against him."[7]

Although it seems likely that Defendant did not fully comprehend all of the ramifications of waiving his *Miranda* rights, the evidence shows that Defendant's understanding of his rights was within the parameters of what the law requires.  As discussed above, the video and the transcript show that Defendant understood his right to remain silent or have his statements used against him.  The Court therefore rejects Defendant's argument that his waiver was not knowing.

Finally, the Court finds that a portion of Detective Padron's interview with Defendant should be suppressed.  Late in the interview, Defendant made a clear request for an attorney,

---

[5] *United States v. Minard*, 208 F. Appx. 657, 660, 2006 WL 3598396, at *3 (10th Cir. 2006) (quotation omitted); *see also United States v. Hernandez*, 913 F.2d 1506, 1510 (10th Cir. 1990) (to determine whether a waiver was intelligent, the court should "inquire whether the defendant knew that he did not have to speak to police and understood that statements provided to police could be used against him. A suspect need not, however, understand the tactical advantage of remaining silent in order to effectuate a valid waiver.").

[6] *Id.*

[7] *Id.*

which Detective Padron inexplicably deflected. Any statement made by Defendant after his request for an attorney is thus suppressed.[8]

**IT IS THEREFORE ORDERED** that Defendant Jose Ramon Montelongo-Castrejon's Motion to Suppress Defendant's Statement to Law Enforcement (Doc. 40) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 1st day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] The Court also suppresses any statement made by Defendant before Detective Padron administered the *Miranda* warnings, although it does not appear that any of these statements are relevant.